UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JULIAN LEIGH EDWARDS, #504232,

        Petitioner,

v.                                        CASE NO.  2:13-CV-10220
                                          HONORABLE VICTORIA A. ROBERTS

CINDI S. CURTIN,

        Respondent.
_____/

**OPINION AND ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE**

I.     Introduction

       This is a habeas case under 28 U.S.C. § 2254.  Michigan prisoner Julian Leigh Edwards ("Petitioner") was convicted of first-degree murder, assault with intent to commit murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court.  He was sentenced to life imprisonment without parole on the murder conviction, a concurrent term of 15 to 60 years imprisonment on the assault conviction, time served on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2010.

       In his petition, he raises claims concerning the jury instructions, the sufficiency of the evidence, the admission of alleged hearsay and trial counsel's failure to object, and the effectiveness of trial counsel as to a plea offer.  For the reasons set forth herein, the Court concludes that Petitioner has not fully exhausted his state court remedies.  Due to timeliness concerns, the Court shall stay and administratively close this case pending the exhaustion of state court remedies or a motion to re-open the case to proceed only on the exhausted claims.

II.     Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts.  The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must also be raised in the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies.  He did not raise his insufficient evidence claim or his ineffective assistance of counsel claim regarding a plea offer on appeal in the state courts.  *See People v. Edwards*, No. 296127, 2011 WL 1446074 (Mich. Ct. App. April 14, 2011) (addressing claims regarding the jury instructions, the admission of alleged hearsay, and trial counsel's failure to object).  Petitioner has failed to show that he has properly exhausted all of his habeas claims in the state courts.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas

2

corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if ursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the trial court and pursue his unexhausted claim in the state appellate courts as necessary. His unexhausted claims should therefore be addressed to,

and considered by, the state courts in the first instance.

The remaining question is whether the Court should dismiss the mixed habeas petition without prejudice or stay the proceedings to allow Petitioner to fully exhaust state remedies. Having reviewed the matter, the Court finds that a stay is warranted. First, the one-year statute of limitations applicable to federal habeas actions could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Petitioner's convictions became final 90 days after the Michigan Supreme Court denied leave to appeal – on or about December 26, 2011. He dated his initial federal habeas petition on December 19, 2012. That petition was dismissed without prejudice on January 7, 2013. *See* Case No. 12-CV-15643. Petitioner dated his current petition on January 10, 2013. Thus, only four days of the one-year period remain. Second, Petitioner alleges that defense counsel did not raise the unexhausted claims in the Michigan Court of Appeals. If he were to establish that counsel was ineffective, good cause could be shown. Third, Petitioner's unexhausted claims concern matters of federal law and do not appear to be plainly meritless. Lastly, there is no evidence of intentional delay. Accordingly, a stay of the proceedings, rather than a non-prejudicial dismissal, is appropriate.

III.     Conclusion

For the reasons stated, the Court concludes that Petitioner has failed to fully exhaust state court remedies as to all of the claims presented in his habeas petition. The Court further concludes, however, that dismissal of the petition could deprive Petitioner of the opportunity to seek federal habeas relief.

Accordingly,

The Court **STAYS** this habeas case pending Petitioner's full exhaustion of state court remedies as to his unexhausted insufficient evidence and ineffective assistance of trial counsel claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within **60 days** of this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with a motion to re-open this case, using the same caption and case number, within **30 days** of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case will be subject to dismissal. This case is **CLOSED for Administrative Purposes** pending compliance with these conditions. Should Petitioner wish to proceed only on the exhausted claims and withdraw the unexhausted claims, he may move to re-open this case and proceed only on the exhausted claims within **30 days** of the filing date of this order.

    **IT IS ORDERED**.

    S/Victoria A. Roberts
    VICTORIA A. ROBERTS
    UNITED STATES DISTRICT JUDGE

Dated: March 25, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Julian Edwards by electronic means or U.S. Mail on March 25, 2013.

S/Carol A. Pinegar
Deputy Clerk